UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

| | | |
|---|---|---|
| THOMAS EARL QUICK, # 486521, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-230 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| UNKNOWN LEATHERMAN, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Florence Crane Correctional Facility located in Coldwater, Michigan. Plaintiff's complaint relates to events that allegedly occurred in the Grand Traverse County Jail on March 15, 2003, March 31, 2003, and June 25, 2003. In 2003, plaintiff was incarcerated in the Grand Traverse County jail on misdemeanor convictions. A jury convicted plaintiff of committing a felony assault on Deputy Leatherman while plaintiff was a jail inmate. On March 13, 2004, plaintiff was sentenced to serve 13-to-48 months' imprisonment. Plaintiff has been unsuccessful in his efforts to have his felony conviction overturned.

Plaintiff filed his complaint in April of 2006, naming as defendants seven Grand Traverse County employees who worked at the jail in 2003: Deputy Leatherman, Sergeant Harrigan, Sergeant Smith, Sergeant Gilbert, Deputy Golden, Deputy Cedarqurst, and Lieutenant Spranger. Plaintiff alleges that various actions by defendants in March and June of 2003 violated plaintiff's

Fourth, Eighth, and Fourteenth Amendment rights. (docket # 1, ¶ 4). Plaintiff's seeks an award of monetary damages.

On June 15, 2006, defendants filed a motion for summary judgment. (docket # 17). Defendants argue that they are entitled to judgment in their favor as a matter of law because (1) plaintiff has presented insufficient evidence to create a genuine issues of material fact on any of his purported constitutional claims; (2) plaintiff's claims based on events occurring more than three years before he filed his complaint are barred by the statute of limitations; (3) plaintiff's criminal conviction remains in effect, and it bars plaintiff's claims based on the events of June 25, 2003; (4) plaintiff failed to assert a viable claim against defendants in their official capacities; and (5) defendants are entitled to qualified immunity on plaintiff's claims against defendants in their individual capacities.

On June 15, 2006, the court issued an order notifying plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to defendants' motion for summary judgment on or before July 13, 2006. (docket # 19). On July 6, 2006, the court granted plaintiff a three-month extension for filing his response. (docket # 32). Plaintiff filed his response on September 27, 2006. (docket # 33). Plaintiff's response does not include any admissible evidence in support of his claims against defendants. The response consists of the following items:

(1) a letter addressed to the court dated September 15, 2006;
(2) a letter plaintiff purportedly sent to Attorney Raymond G. Mullins in Ypsilanti, Michigan;
(3) March 16 and 17, 2004 requests and notices for film and electronic medial coverage of sentencing proceedings in plaintiff's criminal trial (*People v. Thomas Quick*, 03-9237-FH (Grand Traverse County Circuit Court));
(4) a newspaper article regarding the sheriff in a different county;
(5) a letter plaintiff sent to the judge who presided over plaintiff's felony trial;

>   (6) a Partial List of Prior and Future Contacts" related to plaintiff's ongoing "Media Campaign;" and
>   (7) a January 9, 2004 debt collection notice to plaintiff from the Core Recovery -- Collection Division of Credit Bureau of Traverse City.

Plaintiff's response makes no attempt to engage defendants' arguments. For the reasons set forth herein, I recommend that defendants' motion for summary judgment (docket # 17) be granted, and that judgment be entered in defendants' favor on all plaintiff's claims.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades Indus. & Textile Workers*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of

evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005).

**Facts**

The following facts are beyond genuine issue. Plaintiff was an inmate at the Grand Traverse County jail in 2003 and he was serving sentences on misdemeanor convictions. Plaintiff is currently incarcerated in state prison on a sentence imposed after a jury convicted plaintiff of a June 25, 2003 felony assault on defendant Leatherman. Plaintiff has been unsuccessful in his efforts to have this criminal conviction overturned.

**Discussion**

Plaintiff did not submit any admissible evidence in support of any of his claims against defendants. Plaintiff's letters regarding events that purportedly occurred in the Grand Traverse County jail are patent hearsay. "[I]t is well established that hearsay evidence cannot be considered by a trial court ruling on a motion for summary judgment." *Tinsley v. General Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000); *see Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006). The papers regarding film and electronic media coverage of plaintiff's sentencing do nothing to advance any claim made against defendants. The proffered newspaper article is patent hearsay, and is totally irrelevant because the article concerns a sheriff in a different county. The "partial list of prior and future contacts" concerns plaintiff's ongoing media campaign. It is not evidence supporting any claim against defendants. The January 9, 2004 debt collection notice is irrelevant and does not support any claim appearing in plaintiff's complaint. There is no reason to lengthen this report and recommendation with a detailed discussion of defendants' other arguments. Given

the total absence of admissible evidence supporting plaintiff's claims, no reasonable trier of fact could find in plaintiff's favor on any claim.

### Recommended Disposition

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 17) be granted, and the judgment be entered in defendants' favor on all of plaintiff's claims.

Dated:   January 26, 2007          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).